1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRYANT EUGENE HARRISON,                    No.  2:20-cv-01838 GGH P

12                  Petitioner,

13        v.                                    ORDER

14   RON BROOMFIELD,

15                  Respondent.

16

17          Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.

19          Petitioner is presently incarcerated at San Quentin State Prison in Marin County.  He is

20   currently serving a sentence for a conviction rendered by the Solano County Superior Court. ECF

21   No. 1 at 1. However, the application for a writ of habeas corpus seeks release from San Quentin

22   State Prison due to health risks posed by the coronavirus. ECF No. 2. Petitioner initially filed his

23   habeas application with the Ninth Circuit Court of Appeals, which declined to review it for the

24   reason that such an application for a writ of habeas corpus must be made to the district court. ECF

25   No. 1 (citing 28 U.S.C. § 2241(b); Fed. R. App. P. 22(a)).

26   ////

27   ////

28   ////

                                                  1

1    For purposes of this transfer order, the undersigned will assume that execution of

2  sentence aspects of § 2241 are subsumed within §2254.[1]

3    The majority of cases in the lower courts dealing with the COVID-19 pandemic as it

4  affects detention facilities more or less assume jurisdiction is appropriate under 28 U.S.C. § 2241

5  because the ultimate relief sought is release from custody. See e.g., Pimentel-Estrada v. Barr, No.

6  C20-495 RSM-BAT, 2020 WL 2092430, at *11 (W.D. Wash. Apr. 28, 2020). Of the cases that

7  have written about the jurisdictional issue, one of the more succinct analyses appears in Habibi v.

8  Barr, 445 F. Supp. 3d 990, 995 n.2 (S.D. Cal. 2020):

9
> The Government also argues that "seeking release under a writ of
10  habeas corpus is not an appropriate method for remedying
> confinement conditions[.]" (Resp. at 11–12.) The Court disagrees
11  with the Government's characterization of Petitioner's claim.
> Petitioner is not challenging a specific condition of his confinement
12  but instead claims that his confinement itself violates his due
> process rights—a direct challenge to the validity of his detention.
13  See Muhammad v. Close, 540 U.S. 749, 750 (2004). Other courts in
> this Circuit have considered similar claims brought under § 2241.
14  See Bent v. Barr, Case No. 19-CV-06123-DMR, 2020 WL 1812850
> (N.D. Cal. April 9, 2020); Castillo v. Barr, Case No. CV 20-00605-
15  TJJH (AFMx), 2020 WL 1502864 (C.D. Cal. Mar. 27, 2020).
> Moreover, the Ninth Circuit itself has sua sponte ordered the release
16  of an immigrant detainee "in light of the rapidly escalating public
> health crisis[.]" Xochihua-Jaimes v. Barr, Case No. 18-cv-71460,
17  2020 WL 1429877, at *1 (9th Cir. Mar. 24, 2020). Thus, the Court
> does not find persuasive the Government's position that the Petition
18  is an improper vehicle for Petitioner's claims.

19    However, the undersigned is not so sanguine as the above courts that jurisdiction in

20  habeas corpus exists. While the words of 28 U.S.C. § 2241 could encompass any violation of the

21  Constitution, i.e., "[h]e is in custody in violation of the Constitution," the Supreme Court has

22  made clear that conditions of confinement cases should proceed in civil rights cases, where the

23  remedy is to correct the Constitutional deficiency, see Preiser v. Rodriguez, 411 U.S. 475, 484–

24  486 (1973); Crawford v. Bell, 599 F.2d 890, 891–892 (9th Cir. 1979); Badea v. Cox, 931 F.2d

25  573, 574 (9th Cir. 1991). Attacks on the legality of confinement per se should proceed in habeas

26  corpus actions where the remedy is release from custody. See also Nettles v. Grounds, 830 F.3d

27  ////

28  _____

[1] However, § 2254 cases have exhaustion requirements which are likely not met here.

1  922, 930–34 (9th Cir. 2016) (a civil rights action is the exclusive vehicle for an inmate's claim

2  that is not encompassed within the core of habeas corpus such as a challenge to conditions of

3  confinement).

4        It is certainly true that petitioner seeks the remedy of release here. However, there is a risk

5  of turning 28 U.S.C. § 2241 into a general civil rights statute by the mere expedient of a petitioner

6  seeking that release remedy, perhaps among other remedies, in every habeas action in which

7  conditions of confinement are at issue, e.g., poor medical treatment, unsanitary conditions,

8  overcrowding, assaultive environment, and so forth. Even in the COVID-19 situation, release is

9  not the only method by which this contagious disease may be remedied. What then differentiates

10 this action in habeas corpus from a garden variety civil rights action? The undersigned agrees

11 with the statement in Martinez Franco v. Jennings, No. 20-CV-02474-CRB, 2020 WL 1976423,

12 at *4 (N.D. Cal. Apr. 24, 2020):

> Even if the Court agreed that civil detention is unconstitutional
> whenever it impairs proper social distancing, Martinez Franco's
> requested relief is not an appropriate means to implement that rule.
> Martinez Franco is not seeking an injunction requiring the
> government to implement appropriate social distancing at Mesa
> Verde. He seeks only release from detention, and only for himself.
> If the Constitution requires appropriate social distancing for civil
> detainees, that result should be achieved with an injunction ordering
> social distancing in detention facilities, not releasing detainees who
> request a TRO on a first-come, first-serve basis. See Dawson, 2020
> WL 1304557, at *2 ("[E]ven if Plaintiffs could show a Fifth
> Amendment violation, Plaintiffs provide no authority under which
> such a violation would justify immediate release, as opposed to
> injunctive relief that would leave Plaintiffs detained while
> ameliorating any alleged violative conditions within the facility.").

21 See also Wilson v. Ponce, No. CV 20-4451-MWF (MRWx), 2020 WL 3053375 (C.D. Cal. June

22 8, 2020); Fahr v. Arizona, No. CV 20-08114-PCT-DGC (DMF), 2020 WL 3791535, at *1, 3 (D.

23 Ariz. July 7, 2020) (§ 2254 case); Allen v. Pollard, No. 20cv1642-GPC (MDD), 2020 WL

24 5230408, at *1 (S.D. Cal. Sept. 2, 2020) (§ 2254 case).

25       The undersigned is unaware of pre-COVID-19 authoritative decisions which hold that

26 conditions of confinement issues for state prisoners may be adjudicated in habeas. The opposite is

27 true.  See Bowman v. California, No. EDCV 19-00184 RGK (RAO), 2019 WL 4740538 (C.D.

28 Cal. June 26, 2019).

1    In his habeas petition, petitioner argues the current prison conditions places him at a high

2   risk of contracting COVID-19. Accordingly, petitioner's request relates to the conditions of

3   petitioner's confinement and is more appropriately brought pursuant to 42 U.S.C. § 1983.

4   Because the prison institution at issue is located within the Northern District of California, and

5   the probable defendants reside in that district, as well as the potential plaintiff, and considering

6   that the pertinent evidence of prison conditions at San Quentin is located therein, transfer to that

7   district is appropriate. See e.g., Nobles v. Folsom State Prison, No. C 94-20681 RMW, 1994 WL

8   665291 (N.D. Cal. Nov. 4, 1994) (construing improperly brought habeas action as a § 1983 action

9   and transferring to the forum of the prison).

10    Finally, even if habeas corpus jurisdiction were appropriate, the "conditions" issue here

11   involves execution of petitioner's sentence and not the underlying conviction.  Jurisdiction is

12   more appropriately found in the district of confinement, i.e., the Northern District of California.

13   See Hernandez v. Campbell, 204 F.3d 861 (9th Cir. 2000); Dunne v. Henman, 875 F2d 244 (9th

14   Cir. 1989); Harris v. Curry, No. CIV S-08-0314 MCE JFM P, 2008 WL 756150 (E.D. Cal. Mar.

15   14, 2008).

16    In the interest of justice, this court may transfer this action "to any other district where it

17   might have been brought."  28 U.S.C. § 1404(a).  Therefore, in the interest of justice, this action

18   will be transferred to the United States District Court for the Northern District of California.

19    Accordingly, in the furtherance of justice, IT IS HEREBY ORDERED that this matter is

20   transferred to the United States District Court for the Northern District of California.

21   Dated: September 28, 2020

22                                   /s/ Gregory G. Hollows
                                  UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

                                          4